UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TONY MCGEE, :
                 Plaintiff, :
                  :
v. : **OPINION AND ORDER**
                  :
J.P. MAXWELL, T. POMEROY, SGT. : 17 CV 2164 (VB)
BUNCE, and R.K. SMITH, :
                 Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Tony McGee, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging Lieutenant J.P. Maxwell ("Lt. Maxwell"), Sergeant Bunce ("Sgt. Bunce"), Inmate Records Coordinator T. Pomeroy ("Pomeroy"), and Custodial Maintenance Teacher R.K. Smith ("Smith") violated his constitutional rights during his incarceration at Sullivan Correctional Facility ("Sullivan").

Before the Court is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #36). Plaintiff failed to oppose the motion, despite the Court's sua sponte granting him two extensions of time to do so. (Docs. ##39, 41). Therefore, by Order dated August 7, 2018, the Court deemed the motion fully submitted and unopposed. (Doc. #43).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of deciding the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint[1] and draws all reasonable inferences in

---

[1] In addition to the amended complaint, the Court has reviewed and considered plaintiff's complaint. (Doc. #2).

1

plaintiff's favor, as summarized below. At all times relevant to the amended complaint, plaintiff was an inmate at Sullivan.

I.  Misbehavior Report

Plaintiff alleges on April 3, 2014, at 8:30 a.m., non-party correction officer ("C.O.") Kline ordered plaintiff to attend an Alcohol and Substance Abuse Treatment ("ASAT") interview. After the interview, the ASAT counselor signed plaintiff's pass to return to his housing unit.

During plaintiff's return to his unit, defendant Smith, a custodial maintenance instructor, ordered plaintiff to wait in the custodial maintenance room, despite plaintiff's protests that he would be late. Plaintiff waited more than thirty minutes for Smith, causing plaintiff to arrive to his unit "almost an hour" after the counselor signed his pass. (Am. Compl. at 5).

Because of the delay, Sgt. Bunce[2] issued plaintiff a "ticket (Misbehavior Report)" charging him with (i) being "out of place" in violation of Rule 109.10 and (ii) disobeying orders in violation of Rule 106.10. (Id. at 6). Plaintiff was placed on thirty days keep lock[3] pending a disciplinary hearing.

II. Disciplinary Hearing and Appeal

On April 9, 2014, plaintiff had a Tier II disciplinary hearing before Lt. Maxwell. Plaintiff pleaded not guilty, explained his delayed return to the housing unit, and asked to call the

---

[2]  Plaintiff first alleges Sgt. Bunce issued the misbehavior report (Am. Compl. at 4) but later alleges non-party C.O. Kline issued the misbehavior report (id. at 5).

[3]  Keep lock is "a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates." Gittens v. LeFevre, 891 F.2d 38, 39 (2d Cir. 1989).

ASAT counselor as a witness. Lt. Maxwell determined the counselor's testimony was not relevant.

Lt. Maxwell questioned Smith about plaintiff's version of events. Without describing the substance of Smith's testimony, plaintiff alleged Smith lied about what happened on April 3. According to plaintiff, Smith testified falsely "in [retaliation] for [plaintiff] grieving Mr. T. Pomeroy and C.O. Sherwood [for] sexual harassment on March 2014." (Am. Compl. at 8). When plaintiff began to cross examine Smith, Lt. Maxwell stopped the hearing and "remov[ed]" plaintiff for acting "not decorous/rude." (Id. at 7–8).

On April 10, 2014, Lt. Maxwell completed plaintiff's hearing without him. Lt. Maxwell imposed a punishment of thirty days keep lock.

Plaintiff appealed the hearing and its outcome to Sullivan's superintendent, who affirmed Lt. Maxwell's findings.

III.     Article 78 Proceeding

During plaintiff's thirty days keep lock, he sought to file an N.Y. C.P.L.R. Article 78 petition in New York state court. Article 78 proceedings "are used to challenge action (or inaction) by agencies and officers of state and local government." See Mitchell v. Fishbein, 377 F.3d 157, 170 (2d Cir. 2004) (internal quotation omitted). Plaintiff alleges during the court's review of his petition, state officials "reversed and expunged" the disciplinary decision from plaintiff's record. (Am. Compl. at 6). In the process of filing his Article 78 petition, however, plaintiff alleges Pomeroy denied access to notary service in an "attempt to hinder and sabotage" plaintiff's court proceeding. (Id. at 7).

**DISCUSSION**

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679. To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d

4

162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

Here, the Court liberally construes plaintiff's allegations regarding the April 3, 2014, misbehavior report, the April 9 and 10, 2014, disciplinary hearing, and the Article 78 petition to raise a procedural due process claim under the Fourteenth Amendment against Sgt. Bunce, Lt. Maxwell, and Smith; a retaliation claim under the First Amendment against Smith; and a denial of access to the courts claim under the First and Fourteenth Amendments against Pomeroy. Each claim is addressed in turn.

II.     Due Process Claim

The Court liberally construes plaintiff's allegations regarding the misbehavior report and the disciplinary hearing to assert a due process claim based on the following actions: (i) Sgt. Bunce filed a false or unjustified misbehavior report against plaintiff; (ii) Lt. Maxwell denied plaintiff the opportunity to call a witness at his disciplinary hearing; (iii) Smith gave false testimony against plaintiff; (iv) Lt. Maxwell ejected plaintiff from the disciplinary hearing; and (v) Lt. Maxwell "was not fair and was partial" as the hearing officer. (Am. Compl. at 4, 7–8).

Defendants argue plaintiff's thirty day keep lock does not implicate a liberty interest sufficient to state a due process claim.

The Court agrees.

To establish a violation of due process rights, a plaintiff must show "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001). "A prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life." Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004) (internal quotation omitted). Although there is no bright-line rule for establishing when keep lock confinement rises to the level of a constitutional violation, courts consider both the duration and conditions of confinement. See Palmer v. Richards, 364 F.3d at 64 (considering conditions and duration because "especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical.") (internal quotation omitted). In assessing the duration prong of the analysis, "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009).

Plaintiff alleges only that his disciplinary hearing resulted "in an illegal 30 day confinement" (Am. Compl. at 8), and does not state the conditions of his cell were more onerous or severe than usual during his confinement. Plaintiff's allegations thus are insufficient to state a due process claim. See, e.g., Zappulla v. Fischer, 2013 WL 1387033, at *7–8 (S.D.N.Y. Apr. 5, 2013) (finding plaintiff's allegations of a thirty-one day confinement, with atypically harsh conditions, insufficient to state a due process claim).[4]

Accordingly, plaintiff's procedural due process claim must be dismissed.

III. Retaliation Claim

Plaintiff next alleges Smith gave false testimony at plaintiff's disciplinary hearing in retaliation for plaintiff filing a past grievance against other prison officials.

Defendants argue plaintiff fails to state a retaliation claim.

The Court agrees.

---

[4] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

To "sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004) (internal quotation omitted). In view of "the ease with which claims of retaliation may be fabricated," courts "examine prisoners' claims of retaliation with skepticism and particular care." Johnson v. Eggersdorf, 8 F. App'x 140, 144 (2d Cir. 2001) (summary order). Thus, "a prisoner's claim for retaliation must be supported by specific and detailed factual allegations." Friedl v. City of N.Y., 210 F.3d 79, 85–86 (2d Cir. 2000).

Here, plaintiff's allegations fail to suggest that Smith's false testimony was connected with plaintiff's prior grievance. Plaintiff only alleges Smith acted "in [retaliation] for me grieving Mr. T. Pomeroy and C.O. Sherwood [for] sexual harassment on March 2014." (Am. Compl. at 8). Plaintiff provides no facts regarding the prior grievance or why Smith would retaliate against him for an incident to which Smith had no apparent connection. "Even at the motion to dismiss stage, the inmate must allege more than his personal belief that he is the victim of retaliation. Conclusory allegations of retaliation are not sufficient; the plaintiff must [allege facts] from which retaliation may plausibly be inferred." Walker v. Schriro, 2013 WL 1234930, at *8 (S.D.N.Y. Mar. 16, 2013) (internal quotation omitted).

Because plaintiff's allegations are conclusory and do not plausibly give rise to an inference of retaliation, plaintiff's claim must be dismissed.

IV. Access to Courts

Plaintiff alleges Pomeroy refused to provide plaintiff with access to notary services to file his Article 78 petition while he was on keep lock. Plaintiff's allegation implicates his

7

fundamental right of access to the courts arising under the First and Fourteenth Amendments. See Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997).

Defendants argue plaintiff fails to allege any injury resulted from Pomeroy's alleged refusal to send a notary, and therefore, plaintiff's claim does not rise to a constitutional violation.

The Court agrees.

To allege a denial of access to the courts, plaintiff must allege not only that defendants deliberately or maliciously "took or w[ere] responsible for actions that hindered plaintiff's efforts to pursue a legal claim," but "that the defendant[s'] actions resulted in <u>actual injury</u> to the plaintiff such as the dismissal of an otherwise meritorious legal claim." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation omitted).

Plaintiff does not allege Pomeroy's refusal to provide a notary service resulted in any "actual injury." In fact, plaintiff concedes he successfully filed his Article 78 petition and alleges the April 2014 disciplinary decision was eventually removed from his record.

Accordingly, plaintiff's access to courts claim must be dismissed.

V.      Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

Here, plaintiff has been given ample opportunity to show he has a valid claim and defend his complaint.  On July 31, 2017, plaintiff was granted leave to file an amended complaint and given explicit instructions as to what the amended complaint needed to contain in order to survive a motion to dismiss.  (Doc. #12).  Plaintiff filed his amended complaint on September 21, 2017.  (Doc. #13).  The Court also granted liberal extensions.  After defendants filed this motion to dismiss on March 26, 2018 (Doc. #36), the Court sua sponte extended plaintiff's time to file an opposition by Order dated May 9, 2018.  (Doc. #39).  After the plaintiff requested an additional copy of defendants' motion on May 29, 2018 (Doc. #40), the Court again sua sponte extended plaintiff's time to oppose the motion by Order dated June 22, 2018.  (Doc. #41).  Plaintiff never did so.

Moreover, reading the amended complaint liberally, the Court does not find any allegations that suggest plaintiff has a valid claim he has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe."  Cuoco v. Moritsugu, 222 F.3d at 112.  On the contrary, the Court finds that repleading would be futile, because the problems with plaintiff's amended complaint are substantive, and supplementary and/or improved pleading will not cure its deficiencies.  See id.

Accordingly, the Court declines to grant plaintiff further leave to amend.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #36) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: October 9, 2017
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge